## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 15-62483-CIV-LENARD/GOODMAN

HAI HUI MEI,

     Plaintiff,

v.

DAVIE MARKETPLACE, LLC and
SEEMA AHAWAN,

     Defendants.

_____/

### ORDER APPROVING FLSA SETTLEMENT AND CLOSING CASE

The parties consented to the Undersigned reviewing and approving their settlement agreement [ECF Nos. 35; 36], and United States District Judge Joan A. Lenard referred the matter to the Undersigned for entry of final order [ECF No. 38]. The Court held a telephonic fairness hearing on March 23, 2016, during which the Court heard from counsel regarding the fairness of the settlement of Plaintiff's claims alleging violations of the Fair Labor Standards Act ("FLSA").

In general, the minimum wage and overtime provisions of the FLSA[1] are mandatory and not subject to negotiation or bargaining between employers and employees. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). However, there are two ways employees may settle and waive a claim against their employer for unpaid minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid

---

[1]    29 U.S.C. § 201 *et seq.*

minimum wage/overtime pay is supervised by the Secretary of Labor; or (2) in a private lawsuit brought by an employee, if the parties present the district court with a proposed settlement and the court enters an order approving the fairness of the settlement. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

An employee may settle and release FLSA claims against her employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computations actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1354.

The Court considered the factors outlined in *Lynn's Food Stores*, and also considered the strengths of the parties' cases, the factual positions of the parties, the existence (or lack thereof) of documents supporting or corroborating the parties' positions, the strengths and weaknesses in the parties' respective cases, and the parties' desire to resolve the dispute sooner, rather than later.

The Court finds that the settlement here represents a genuine compromise of a bona fide dispute. Plaintiff has accepted less money than she claims to be owed while Defendants, who have denied liability, have agreed to pay Plaintiff more than they believe she is due under the law. All have agreed to settle as a result of reasonable

2

strategic and financial considerations.

The Undersigned reviewed Plaintiff's counsel's billing records. [ECF No. 40]. Those records show that Plaintiff's counsel are recovering less in attorneys' fees and costs than they actually incurred in this matter, based on their standard billing rates. The settlement is reasonable not just when viewed in light of Plaintiff's claims against Defendants (and Defendants' defenses to those claims), but also in light of the amounts that Plaintiff and her counsel will each receive.

The Court finds that the settlement here occurred in an adversarial context and that there are genuine coverage and computation issues in dispute.  The Court further finds that the settlement reached by the parties represents a reasonable compromise by both sides and is fair and reasonable.

Accordingly, the Court hereby **ORDERS** and **ADJUDGES** that the parties' settlement agreement is fair and reasonable, **APPROVES** the settlement, and **DISMISSES WITH PREJUDICE** this action. The Court reserves jurisdiction to enforce the terms of the parties' settlement. The Clerk is directed to **CLOSE THIS CASE** and deny all pending motions as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, March 24, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

3

<u>Copies furnished to</u>:
The Honorable Joan A. Lenard
All counsel of record